UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMI A. HARMZ,

    Plaintiff,

vs.                                                        Case No. 09-12970

P.A.M. TRANSPORT, INC., and            HON. AVERN COHN
McNEILL EXPRESS, INC.,

    Defendants.
_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 26)**[1]

I. Introduction

This is a negligence case. Plaintiff Sami A. Harmz (Harmz), proceeding pro se,[2] has sued McNeill Express Inc. (McNeill) and P.A.M. Transportation (PAM) for injuries arising out an auto accident on February 14, 2007. Harmz filed a three count complaint. Count one is against both McNeill and PAM under owner-liability and respondeat superior doctrines; count two is against McNeill under the statutory owner-liability doctrine; and count three is against PAM under the employer-liability doctrine.

Before the Court is defendants' motion for summary judgment on the grounds that there is no genuine issue of material fact over whether defendants were negligent. For the reasons that follow, the motion will be granted.

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Harmz was initially represented by counsel, who withdrew approximately 14 months into the case. Harmz then chose to represent himself. The Court gave him 90 days for discovery.

II.  Background

The material facts as gleaned from the record follow.[3]

On February 14, 2007, Harmz was driving a 1997 Toyota 4-Runner traveling westbound on 23 Mile Road in Chesterfield Township.  Knight, an employee of PAM and driving a tractor-trailer owned by McNeill, was eastbound on 23 Mile Road.  The vehicles were involved in a crash.

Harmz says that Knight was speeding on the icy road, lost control, and swerved into Harmz.  Defendants, however, contend that it was Harmz who lost control of his car and crossed the median into the eastbound lane where Knight was driving.

III.  Standard of Review

A.  Summary Judgment

Summary judgment should be granted when the moving party establishes that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Hedrick v. Western Reserve Care Sys., 355 F.3d 444, 451 (6th Cir.2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).  "A fact is material only if its resolution will affect the outcome of the lawsuit." Hedrick, 355 F.3d at 451-52(citing Anderson, 477 U.S. at 248).  In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor.  See

---

[3]Defendants followed the Court's motion practice guidelines for a motion for summary judgment; Harmz did not.

Sutherland v. Michigan Dep't of Treasury, 344 F.3d 603, 613 (6th Cir. 2003); Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir.2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." Hedrick, 355 F.3d at 451 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact.  Rather, "the burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the non-moving party's case." Celotex Corp., 477 U.S. at 325.  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 453 (6th Cir. 2001) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)); Fed. R. Civ. P. 56(e).  The nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact.  Anderson, 477 U.S. 242, 252.  Thus, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion.  See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50.

B.  Negligence

3

To establish a claim of negligence, a plaintiff must demonstrate four elements: (1) a duty owed by a defendant to plaintiff; (2) the defendant's breach of that duty; (3) that the defendant's breach of that duty caused harm to him; and (4) that he suffered damages.  See Case v. Consumer Power, 463 Mich. 1 (2000).

Duty is defined as the legal obligation to perform to a particular standard of conduct toward another.  Burnett v. Brumer, 247 Mich. App. 365, 368 (2001).  Michigan law imposes on all motorists a general duty to operate their vehicles in a reasonably prudent manner.  Zaracki v. Hatch, 347 Mich. 138, 141 (1956).

## IV. Analysis

As an initial matter, the fact that Harmz is pro se does not lessen his obligation under Rule 56.  The Sixth Circuit has made clear that, when opposing summary judgment a party cannot rely on allegations or denials in unsworn filings and that a party''s "status as a pro se litigant does not alter [this] duty on a summary judgment motion." Viergutz v. Lucent Techs., Inc., 375 Fed. Appx. 482, 485 (6th Cir. 2010).  See also United States v. Brown, 7 Fed. Appx. 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a pro se plaintiff because he "failed to present any evidence to defeat the government's motion"; although the plaintiff had made relevant factual allegations, he "did not file an affidavit to this effect nor did he sign any pleading under penalty of perjury"); Johnson v. Stewart, No. 08–1521, 2010 U.S.App. LEXIS 27051, at *6–7 (6th Cir. May 5, 2010) ("The liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." (citations omitted)).

As noted above, defendants and Harmz have differing views on the cause of the accident. For their part, defendants have submitted evidence in the form of (1) a police report, (2) the testimony of an independent witness who was driving immediately behind Harmz, and (3) the affidavit of Knight.

Harmz, however, has not come forward with any significant probative evidence to support his position that Knight was negligent. Rather, Harmz has largely made allegations of what amount to irrelevant matters. For example, Harmz says Knight has two previous license suspensions in Michigan, as well as "two other similar accidents." Harmz also says that defendants have withheld Knight's identity. Defendants dispute this, noting that Harmz did not take advantage of his right to depose Knight. Even if Harmz had deposed Knight and/or had accumulated and produced evidence showing that Knight has a history of driving accidents, multiple addresses, and aliases, it would not prove that on the day of the accident, Knight was negligent.

To the contrary, the evidence in the record, viewed in the light most favorable to Harmz, leads a reasonable person to comfortably conclude that Knight was not the cause of the accident. First, the police report illustrates a front passenger-side to front passenger-side positioning of the impact in the eastbound lane. This supports defendants' assertion that Harmz lost control of his vehicle and traversed across two lanes of opposing traffic into Knight's path of travel. Second, the deposition testimony of an independent witness, Stephen Insardi (Insardi), who was driving immediately behind Harmz and stopped to provide assistance, recounts the findings of the crash report. Insardi stated that he saw Harmz's vehicle lose control and cross the two lanes of opposing traffic. Insardi added that he did not see Knight lose control of his

5

tractor-trailer and that Insardi does not believe Knight could have avoided the collision. Finally, Knight's affidavit states that Harmz lost control of his vehicle and slid into his lane of traffic, eventually colliding with his tractor-trailer. Knight also states that the tractor-trailer at no time left the eastbound lanes of travel.

In the end, Harmz has not met his burden of providing evidence to create a genuine issue of material fact as to whether defendants were negligent. Indeed, the evidence all supports the conclusion that defendants were not negligent. Under these circumstances, no reasonable juror could find in Harmz's favor. Defendants are therefore entitled to summary judgment.

## V.  Conclusion

For the reasons stated above, defendants' motion for summary judgment is GRANTED.  This case is DISMISSED.

SO ORDERED.


Dated:  July 1, 2011           S/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to Sami Harmz, 23680 26 Mile Road, Macomb Township, MI 48091  the attorneys of record on this date, July 1, 2011, by electronic and/or ordinary mail.


                               S/Julie Owens
                               Case Manager, (313) 234-5160